**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LASHONE HOFFMAN | * |
| | * |
| Plaintiffs | * |
| | * |
| vs. | * Case No: 14-cv-00562 JKS |
| | * |
| TERRELL BROOKS, et al. | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE**
**THE EXPERT TESTIMONY OF RAYLENE HESSELBERG, LCSW**

Defendants Terrell Brooks and Sean Miller, by and through their undersigned counsel, pursuant to Rule 702, of the Federal Rules of Evidence and Rules 26(a)(2) and 37(c) of the Federal Rules of Civil Procedure, move to exclude the testimony of Raylene Hesselberg, LCSW. In support thereof, Defendants offer the following:

**I.   Procedural and Factual Background**

This lawsuit arises from the arrest of Plaintiff LaShone Hoffman on October 3, 2011. Plaintiff was the passenger in her vehicle when it was stopped by Prince George's County Police Officers Terrell Brooks and Sean Miller. Plaintiff was arrested for disorderly conduct and assault. Plaintiff alleges that she was unlawfully arrested and subjected to excessive force. Consequently, Plaintiff filed suit against Brooks and Miller on April 25, 2013 in the Circuit Court for Prince George's County. See ECF No. 1. On March 4, 2014, Defendants timely removed this matter to this Court. *Id.*

On July 16, 2014, this Court issued the Scheduling Order which set forth deadlines for the disclosure of expert witnesses by the parties. See ECF No. 17. On August 27, 2014, this Court granted the parties Consent Motion resetting the deadlines of the initial Scheduling Order. See ECF Nos. 25 and 26. Plaintiff's deadline to designate experts was reset to October 27, 2014. *Id.* On October 3, 2014, Plaintiff filed her Motion to Amend/Correct Complaint which was granted on October 6, 2014. See ECF Nos. 28 and 31. On December 23, 2014, this Court granted the parties' Consent Motion to Modify the Scheduling Order for Extension of Time to Complete Discovery. See ECF Nos. 36 and 37. Plaintiff did not seek an extension of her deadline to designate experts. Rather, the only expert deadline that was reset was that of the Defendants.

Plaintiff did not designate an expert. However, in the Joint Pretrial Order Plaintiff identified a licensed clinical social worker, Raylene Hesselberg, for the first time as an expert.

**II.     Argument**

Plaintiff's proposed expert, Hesselberg, should not be permitted to offer testimony as an expert. According to Fed. R. Civ. P. 26(a)(2), Plaintiff was mandated to disclose her intention to use Hesselberg as an expert by the deadline established in this Court's Scheduling Order. The purpose of Rule 26 is to allow the opposing party adequate time to prepare an effective defense which includes arranging for expert testimony in rebuttal. *Michelone v. Desmarais*, 25 Fed. Appx. 155, 158 (4th Cir. 2002)(Reporting requirement prevents "an ambush at trial"). Here, Plaintiff did not designate Hesselberg as an expert and neither did she provide a summary of the facts and opinions to which Hesselberg is expected to testify. Therefore, Hesselberg's testimony should be excluded.

Rule 37(c) sets forth procedural remedies for the failure to make disclosures. It provides, in pertinent part, that

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added).

In the Fourth Circuit, the trial court must apply a five-factor test when deciding whether the failure to provide information was substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596-97 (4th Cir. 2003). Those factors include: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id*. at 597. "Four of these factors—surprise to the opposing party, ability to cure that surprise, disruption of the trial, and importance of the evidence—relate mainly to the harmlessness exception . . . ." Id. "[T]he remaining factor—explanation for the nondisclosure—relates primarily to the substantial justification exception." *Id*. District courts enjoy "broad discretion" when applying these factors. *Id*.

The balance of the factors weighs in Defendants' favor. With regard to the first factor of surprise, Plaintiff first identified Hesselberg as an expert in the Proposed Joint Pretrial Order filed less than a month from the scheduled trial date. In Plaintiff's Answer to Interrogatory No. 2, Plaintiff identified Hesselberg as a witness for the diagnosis and treatment for emotional injuries. See Exhibit 1, Pltfs. Answer to Interrogatories No. 2. However, when asked to identify expert witnesses, Plaintiff in her Answer to Interrogatory No. 8 stated "to be determined." *Id.* at

Answer No. 8. Plaintiff further answered that she "would rely upon treating health care providers to testify consistently with the health care records provided and any supplements." *Id.* This bare assertion is insufficient to constitute an expert designation as Plaintiff never made a definitive designation. See *Rona Fields v. The Allstate Corp., et al*, 2012 U.S. Dist LEXIS 67570 at *6 (D. Md. May 15, 2012)(attached hereto as Exhibit 2). To the extent, Plaintiff asserts that Defendants were on notice of her intent to rely upon Hesselberg as an expert because of Plaintiff's production of the records from Hesselberg, those records neither state an opinion from an expert regarding Plaintiff's alleged injuries as required to constitute expert opinion testimony nor do they provide notice to Defendants that Hesselberg was designated to also provide expert testimony. See Fed. R. Civ. P. 26(a)(2)(B) and (C); Advisory Committee Notes to Fed. R. Civ. P. 26(a)(2)(C). Rather, the records reference numerous life tragedies as recounted by Plaintiff. See Exhibit 3, Hesselberg Records[1]. Given Plaintiff's interrogatory responses, her failure to designate an expert, and the two year delay in Plaintiff seeking treatment, Defendants, understandably, had no reason to believe that Hesselberg was nothing more than a treating mental health provider.

As to the remaining factors, they also weigh in Defendants' favor. Plaintiff cannot cure the deficiency. The date of trial in this matter is scheduled to commence in less than 30 days. Therefore, Plaintiff cannot cure the deficiency without impacting the trial. If Plaintiff was allowed to designate an expert at this late date, Defendants, in fairness, would necessarily be entitled to additional discovery including pursuing an independent medical examination and further expert designation. Moreover, there were hundreds of pages of medical and mental

---

[1] The parties have stipulated to the confidentiality of Plaintiff's medical records. As such, undersigned counsel will deliver to this Court's chambers a copy of Exhibit 3 rather than file electronically.

health records produced during discovery.  None of those records include any opinion that Plaintiff suffered any emotional distress as a consequence of her arrest.  Thus, Hesselberg's expert testimony should be excluded.

### III.     Conclusion

For the foregoing reasons, the Court should grant Defendants Terrell Brooks' and Sean Miller's Motion and exclude the expert testimony of Raylene Hesselberg.

Respectfully submitted,

M. ANDREE GREEN
COUNTY ATTORNEY

WILLIAM A. SNODDY
DEPUTY COUNTY ATTORNEY

By:     /s/_____
Stephanie D. Kinder – Fed Bar No. 26303
Associate County Attorney
**THE PRINCE GEORGE'S COUNTY OFFICE OF LAW**
14741 Governor Oden Bowie Drive
Suite 5121
Upper Marlboro, Maryland 20772
(301) 952-5239 (voice)
(301) 952-3071 (facsimile)
*Counsel for Defendants*